IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:<br>SHERONTA JOHNSON<br><br>Debtor(s). | In Proceedings<br>Under Chapter 13<br><br>Bk No. 14-30682 |

TRUSTEE'S MOTION FOR LEAVE FOR INSTRUCTION REGARDING
DISBURSEMENT(S) FOR ATTORNEY'S FEES

COMES NOW, RUSSELL C. SIMON, Chapter 13 Trustee, and in support of his Motion states as follows:

1. The instant case was filed on April 25, 2014.

2. On the date of filing Debtor was represented by Counsel, The Law Offices of Mueller and Haller.

3. On September 29, 2014, doc. no. 26, J.D. Graham filed a Notice of Substitution, effectively making him the attorney of record and removing The Law Offices of Mueller and Haller as counsel of record.

4. Notwithstanding this change in representation, The Law Offices of Mueller and Haller filed an Application for Compensation seeking $2,302.50 in attorney's fees for services rendered prior to their being substituted as counsel of record, filed October 8, 2014, doc. no. 30.

5. Objections were filed by both the Debtor, via J.D. Graham, and the Trustee due to constraints on the total amount of attorney's fees to be paid in one bankruptcy case pursuant to the Chapter 13 Manual.

6. An Agreed Order was entered on the matter on February 2, 2015, doc. no. 70. The Agreed Order provides, in pertinent part:

    a.    The Trustee may pay J.D. Graham, P.C. the full flat-fee amount of $4,000;

    b.    The Law Offices of Mueller and Haller are granted attorney's fees, as an *administrative expense* in the amount of $2,302.50; and

    c.    Debtor shall file an Amended Plan within 30 days (of entry of the Agreed Order) to address the amount to be paid to The Law Offices of Mueller and Haller.

7.    Prior to the deadline for compliance with the Agreed Order, the instant case was dismissed on February 10, 2015, doc. no. 73.

8.    In addition, the following should be noted:

**<u>General</u>:**

    a.    Pursuant to the Order of Distribution, administrative expenses are paid prior to attorney's fees;

    b.    The Trustee will not disburse any monies to a creditor unless (1) there is an allowed proof of claim; and (2) the plan provides for payment of same;

**<u>Case Specific</u>:**

    c.    The Trustee is currently holding $1,590.22 on hand to be disbursed. Under normal circumstances the Trustee would disburse $1,200 toward attorney's fees with the remainder to the Debtor given the current status of the case, i.e. dismissal prior to confirmation but subsequent to the conclusion of the Section 341 Meeting of Creditors;

    d.    It is unclear whether The Law Offices of Mueller & Haller have an allowed claim, as same was filed the *same day* the case was dismissed and the Trustee is not privy to a time-stamp of documents filed to know whether it was filed prior to dismissal of the instant case;

    e.    Should The Law Offices of Mueller & Haller have an allowed claim, the Chapter 13 Plan does not address said claim;

    f.    Notwithstanding the foregoing, considering this Court approved the Application for Compensation, it is unclear if it would be the Court's intention to ensure they are paid from the balance on hand; and

    g.    To the extent The Law Offices of Mueller & Haller are to be paid, doing so would yield little to nothing to J.D. Graham, P.C. given the Order of

>> Distribution, which seems slightly contrary to the intention of the parties and/or Court.

9. Therefore, based upon the foregoing, unique situation, the Trustee files this Motion for Instruction seeking the Court's input as to how he should disburse to ensure the attorney's fees are, where appropriate, properly paid. In doing so, the Trustee seeks the following questions to be answered:

   a. Does The Law Offices of Mueller & Haller have an allowed claim;

   b. If The Law Offices of Mueller & Haller does have an allowed claim, should they be paid on same, considering the Chapter 13 Plan does not address said claim; and

   c. If The Law Offices of Mueller & Haller should be paid on their claim, to what amount, considering the Order of Distribution would yield little to nothing to J.D. Graham, P.C.?

**[NOTE:** The Law Offices of Mueller & Haller received $18.00 pre-petition for attorney's fees; J.D. Graham, P.C. has received nothing. J.D. Graham, P.C. began representing Debtor prior to conclusion of the Section 341 Meeting of Creditors.**]**

Wherefore, the Trustee prays this Court for an Order instructing him how to disburse the balance on hand, specifically the questions set forth in paragraph 9 above, and for all other relief this Court deems just and equitable.

>> Respectfully submitted,
>>
>> /s/Tiffany M. Cornejo
>> TIFFANY M. CORNEJO, ARDC #6296136
>> RUSSELL C. SIMON, Trustee
>> Chapter 13 Trustee
>> 24 Bronze Pointe
>> Swansea, IL 62226
>> Telephone: (618) 277-0086
>> Telecopier: (618) 234-0124
>> tiffanyc@simonch13trustee.com

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true and correct copy of the above and foregoing document was mailed to the following interested parties who have not been electronically notified this 3rd day of March 2015, with the correct postage prepaid and deposited in the U.S. Mail.

Sheronta Johnson
2306 Richland Prarie Blvd
Belleville, IL 62221

JD Graham
1103 Frontage Rd.
O'Fallon, IL 62269

William Mueller
5312 W. Main
Belleville, IL 62226

                   /s/Jeff